United States District Court
Southern District of Texas
**ENTERED**
December 05, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK JAMAL KEAREY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-80 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Mark Jamal Kearey, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Beeville, Texas. Pending is Plaintiff's motion for default judgment (D.E. 27). For the reasons stated below, it is respectfully recommended that Plaintiff's motion be denied.

**I.   JURISDICTION.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.   PROCEDURAL BACKGROUND.**

On February 27, 2017, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). The undersigned conducted a *Spears* hearing on April 27, 2017. Plaintiff was subsequently granted leave to amend, and his Amended Complaint was docketed. Plaintiff asserts in his Amended Complaint claims of retaliation as well as

violations of the Religious Land Use and Institutionalized Persons Act (RLUPIA), 42 U.S.C. § 2000cc, *et seq*., and the First Amendment.  Plaintiff sues McConnell Unit Warden Miguel Martinez, McConnell Unit Chaplain R. B. Packard, and four TDCJ officials (collectively referred to as "Defendants").

On June 8, 2017, the undersigned ordered Plaintiff's Amended Complaint to be served on Defendants.  (D.E. 16).  The undersigned further directed Defendants to file a responsive pleading within forty-five days of receipt of the Amended Complaint.  (D.E. 16).

On July 24, 2017, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.E. 21).  Plaintiff responded by filing his second motion for leave to file an amended complaint, which included his proposed Second Amended Complaint.  (D.E. 24).  On September 7, 2017, the undersigned granted Plaintiff's motion, and his Second Amended Complaint was docketed.  (D.E. 24, 25).  The undersigned further directed Defendants to file within thirty days a supplemental or amended motion to dismiss.  (D.E. 25).

On November 15, 2017, the Court received the following pleadings from Plaintiff: (1) a motion for default judgment (D.E. 27); (2) a request for entry of default (D.E. 28); and (3) Plaintiff's declaration in support of entry of default and default judgment (D.E. 29).  In seeking a default judgment against Defendants, Plaintiff asserts that "they have not filed or served an answer or taken other action as may be permitted by law although more than 45 days have passed since the date of service."  (D.E. 29).

On November 17, 2017, Defendants moved the Court for an extension of time to file a responsive pleading to Plaintiff's Second Amended Complaint. (D.E. 32). Defendants acknowledged that they were unaware of the undersigned's September 7 Order and the deadline contained therein to file a supplemental or amended motion to dismiss. (D.E. 32, p. 2). They nevertheless requested a fourteen-day extension of time to file a responsive pleading to the Second Amended Complaint. (D.E. 32, p. 2).

Defendants also responded to Plaintiff's motion for default judgment. (D.E. 33). They contend that Plaintiff would suffer no prejudice if his motion for default judgment is denied, that their failure to respond in a timely fashion to the September 7 Order was caused by a good faith mistake or excusable neglect, and that the harshness of a default judgment weighs against its entry. (D.E. 33, pp. 2-4).

On November 30, 2017, the undersigned granted Defendant's motion for extension of time and directed Defendants to file their responsive pleading to Plaintiff's Second Amended Complaint on or before December 1, 2017. (D.E. 34). Defendants timely filed their amended motion to dismiss on December 1, 2017. (D.E. 35).

### III.   DISCUSSION.

Rule 55 of the Federal Rules of Civil Procedure governs entry of default judgments. This rule provides that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). A three-step process exists for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs

when a party "has failed to plead or otherwise defend against an action." Fed. R. Civ. P. 55(a). Second, the clerk must then enter an entry of default when the default is "shown by affidavit or otherwise." *Id.*. Third, a party must apply either to the clerk or the court for a default judgment after an entry of default. *Id.*; *Brown*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Factors relevant to determining the appropriateness of a default judgment include the following:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In this case, Defendants filed a timely responsive pleading to the undersigned's service order when they submitted their original motion to dismiss. Thus, they have not failed to plead or otherwise defend this action. Defendants acknowledge that they were unaware of the undersigned's September 7 Order and, therefore, failed to meet the deadline to file a supplemental or amended motion to dismiss. (D.E. 32, p. 2).

Nevertheless, Defendants have demonstrated that such failure was due to a good faith mistake. The undersigned then granted Defendants additional time to file a responsive pleading to the Second Amended Complaint, and Defendants complied by submitting their amended motion to dismiss on December 1, 2017. Plaintiff has suffered no prejudice due to the delay in the filing of the amended motion to dismiss. Because Plaintiff is not entitled to default judgment in this case, his motion should be denied.

IV.   **RECOMMENDATION.**

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for default judgment (D.E. 27) be DENIED.

Respectfully submitted this 5th day of December, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).