United States District Court
Southern District of Texas
**ENTERED**
January 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARK JAMAL KEAREY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-80 |
| § | |
| BRYAN COLLIER, *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR CONTEMPT OF COURT WITH SANCTIONS

Plaintiff Mark Jamal Kearey, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the McConnell Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Beeville, Texas. Pending is Plaintiff's Motion for Contempt of Court with Sanctions. (D.E. 37).

### I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. PROCEDURAL BACKGROUND.

Plaintiff asserts in his Amended Complaint claims of retaliation as well as violations of the Religious Land Use and Institutionalized Persons Act (RLUPIA), 42 U.S.C. § 2000cc, *et seq*., and the First Amendment. (D.E. 14). Plaintiff sues McConnell Unit Warden Miguel Martinez, McConnell Unit Chaplain R. B. Packard, and four TDCJ

officials (collectively referred to as "Defendants"). On June 8, 2017, the undersigned ordered Plaintiff's Amended Complaint to be served on Defendants. (D.E. 16).

On July 24, 2017, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 21). Plaintiff responded by filing his second motion for leave to file an amended complaint, which included his proposed Second Amended Complaint. (D.E. 24). On September 7, 2017, the undersigned granted Plaintiff's motion, and his Second Amended Complaint was docketed. (D.E. 24, 25). The undersigned further directed Defendants to file within thirty days a supplemental or amended motion to dismiss. (D.E. 25).

On November 15, 2017, Plaintiff filed: (1) a motion for default judgment (D.E. 27); (2) a request for entry of default (D.E. 28); and (3) Plaintiff's declaration in support of entry of default and default judgment (D.E. (29). On November 17, 2017, Defendants moved the Court for an extension of time to file a responsive pleading to Plaintiff's Second Amended Complaint. (D.E. 32). Defendants acknowledged that they were unaware of the undersigned's September 7 Order and the deadline contained therein to file a supplemental or amended motion to dismiss. (D.E. 32, p. 2). They nevertheless requested a fourteen-day extension of time to file a responsive pleading to the Second Amended Complaint. (D.E. 32, p. 2).

On November 30, 2017, the undersigned granted Defendant's motion for extension of time and directed Defendants to file their responsive pleading to Plaintiff's Second Amended Complaint on or before December 1, 2017. (D.E. 34). Defendants timely filed their amended motion to dismiss on December 1, 2017. (D.E. 35).

On December 5, 2017, the undersigned issued a Memorandum and Recommendation (December 5 M&R) to deny Plaintiff's motion for default judgment, finding that: (1) Defendants' failure to comply with the deadline set forth in the September 7 Order was due to a good faith mistake; and (2) Plaintiff has suffered no prejudice due to any delay in the filing of the amended motion to dismiss. (D.E. 36).

### III. DISCUSSION.

Plaintiff presently moves the Court to find Defendants in contempt based on their failure to comply in a timely fashion with the undersigned's September 7 Order. (D.E. 37). Plaintiff also seeks monetary sanctions "to be paid to the Eastern Religious Study group for the delay in the amount of" $100.00 per day. (D.E. 37, p. 2).

The District Court does have inherent power to impose sanctions for misconduct. *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). However, this inherent power is limited to instances of bad faith or willful abuse of the judicial process. *Id.* (citing *Breazeale v. Smith*, 857 F.2d 258, 261 (5th Cir. 1988) and *Matter of Thalheim*, 853 F.2d 383, 389 (5th Cir. (1988)). In this case, Defendants have not acted in bad faith or otherwise willfully abused the judicial process through the delayed filing of their amended motion to dismiss. Rather, as the undersigned found in the December 5 M&R, Defendants' late filing was due to a good faith mistake. Accordingly, Plaintiff's motion to find Defendants in contempt and to impose sanctions should be denied.

## IV.  RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Contempt of Court with Sanctions (D.E. 37)) be DENIED.

Respectfully submitted this 2nd day of January, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).