IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK JAMAL KEAREY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-00080 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court is in receipt of *pro se* and *in forma pauperis* Plaintiff's February 27, 2017, motion for temporary restraining order ("TRO") and preliminary injunction. Dkt. No. 4. In her June 7, 2017, Memorandum and Recommendation ("M&R"), the Magistrate Judge to whom this case was referred concluded that Plaintiff has (1) not suffered any irreparable injury, (2) failed to show at this early state of the litigation that Plaintiff's interest either in gaining access to certain eastern religious materials or having unsupervised moving meditations with his study group outweighs the interest of the prison in providing reasonable restrictions or limitations, and (3) not shown that it would serve the public's interest for the Court to grant preliminary injunctive relief at this time without a full opportunity for the facts to be developed beyond Plaintiff's allegations. Dkt. No. 15 at 4–5.

On June 19, 2017, Plaintiff filed objections to the M&R. Dkt. No. 17. The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). First, Plaintiff argues that he has suffered and continues to suffer an irreparable injury because he (1) cannot practice tai chi in his cell, (2) can practice yoga only in an "extremely limited capacity" in his cell, and (3) cannot adequately study his religion without texts and videos he alleges were denied to him. *Id.* at 5–6 (Plaintiff lists these objections under the headings "Objection (1)" and "Objection (2)."). Second, Plaintiff argues that he "never suggested that he should be unsupervised." *Id.* at 7 (Plaintiff lists this objection

under the heading "Objection (3)."). Plaintiff claims that "[t]his prison say that we need volunteer dispite security already be present." *Id.* at 7 (mistakes in original).

The Court **OVERRULES** Plaintiff's objections to the M&R's conclusion that Plaintiff has not suffered irreparable injury. The facts are not developed enough for the Court to conclude otherwise at this time. The Court further **OVERRULES** Plaintiff's objection to the M&R's finding that Plaintiff requested unsupervised moving meditations with his study group. Plaintiff's motion for TRO and preliminary injunction alleges that Plaintiff was told he "need[s] a volunteer" to lead his study group in the practice of moving meditations. Dkt. No. 4 at 8. Thus, while a security guard may observe the meditations, as Plaintiff alleges, Plaintiff is expressing an interest in unsupervised meditations to the extent that such meditations are not led by a volunteer.

After independently reviewing the record and considering the applicable law, the Court adopts the proposed M&R in its entirety. Dkt. No. 15. The Court hereby **DENIES** Plaintiff's motion for TRO and preliminary injunction. Dkt. No. 4.

SIGNED this 12th day of February, 2018.

_____
Hilda Tagle
Senior United States District Judge